## UNITED STATES of America,
### v.
### Melville BISGYER, Defendant.
### No. 70 Cr. 129.

United States District Court,
S. D. New York.

Sept. 16, 1974.

Paul J. Curran, U. S. Atty., S.D.N. Y., New York City, for U. S.; Frank H. Wohl, Asst. U. S. Atty., of counsel.

Philip Vitello, New York City, for defendant, by Henry J. Boitel, New York City.

## OPINION

EDWARD WEINFELD, District Judge.

The history of this prosecution to the date of the dismissal of the indictment by Judge Lasker is set forth in the opinion of the Court of Appeals, which on June 11, 1973 issued a mandamus directing the reinstatement of the indictment herein, as well as six other related indictments naming other defendants.[1] Thereafter, several of those defendants applied to the Court of Appeals for a rehearing, which was denied, and later petitioned the Supreme Court for a writ of certiorari, which was denied on March 18, 1974. This defendant, who did not join in those applications, made no move to bring his case to trial, although the government's readiness to proceed forthwith was stated on March 23, 1972.

Following the denial of the petition for certiorari, Judge Lasker referred this case to the Assignment Committee of the Court and it was assigned to this court on August 1, 1974. On August 9 the prosecution served a "notice of readiness for trial," and on August 16, 1974, this court set the case for trial on September 30, 1974. Then, on August 23, after the case had been set for trial, the defendant made the present motion to dismiss the indictment pursuant to (1) Rule 4 of the Local "Prompt Disposition Rules for Criminal Cases," (2) Rule 48(b) of the Federal Rules of Criminal Procedure, and (3) the speedy trial pro-

1. 481 F.2d 229 (2d Cir. 1973), cert. denied, 415 U.S. 975, 94 S.Ct. 1560, 39 L.Ed.2d 871 (1974).

vision of the Sixth Amendment of the Constitution.

None of the asserted grounds requires dismissal of the indictment. The government gave notice of its readiness to proceed to trial forthwith in March 1972, as the Court of Appeals found.[2] That notice was in effect throughout the various appellate proceedings. There is no requirement that a new notice be served.[3] Here the government, apparently out of an abundance of caution, served a second notice of readiness on August 9, following which, as already noted, the case was promptly set for trial.

As to the second branch of defendant's motion, the Court of Appeals expressly considered and ruled that defendant was not entitled to relief under Rule 48(b). Since that determination, nothing has been presented to warrant relief under either that Rule or the third branch of defendant's motion, the speedy trial provision of the Sixth Amendment. Applying the criteria set forth in Barker v. Wingo,[4] the delay in the instant case does not impinge upon the defendant's rights so as to foreclose the government from bringing him to trial. The delay consequent to the appellate process pursued by other defendants was justified. It is clear that defendant, while not a movant for rehearing before the Court of Appeals or a petitioner for certiorari, was hopeful that the order reinstating the indictments would be reversed in the proceedings carried on by the other defendants. Had success crowned their efforts, he would have been a beneficiary.[5] Moreover, had certiorari been granted and the indictments dismissed, there is little doubt that, since the cases of all defendants in the separate indictments were closely related, the government perforce would have filed a nolle prosequi as to this defendant. The simple fact is that, had the defendant really wanted an earlier trial, there was no reason for him passively to await the outcome of either the motion for rehearing before the Court of Appeals or the petition for certiorari. He failed to make any motion that his trial proceed.

The attorney for the defendant (not the defendant himself) avers that the defendant has been prejudiced by the death of two unnamed witnesses in July of 1970 and January of 1971. These witnesses allegedly would have testified to defendant's reputation in the business community, the setting from which the charges in the indictment arose. The deaths occurred prior to June 1973, when the Court of Appeals reinstated the indictment. But apart from that, defendant makes no claim that there are no other witnesses among his friends, associates or business acquaintances who could give the same testimony that might have been provided by the deceased business acquaintances.[6] Thus, there is no showing that the defense has been impaired or prejudiced by the loss of specific evidence or the testimony of material witnesses.[7]

The motion is denied in all respects, and both prosecution and defense are directed to be ready to proceed to trial on September 30, 1974, as presently scheduled.

2.  481 F.2d at 232.

3.  *Cf.* United States v. Masullo, 489 F.2d 217, 224 (2d Cir. 1973).

4.  407 U.S. 514, 530–533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

5.  *Cf.* Provident Tradesmens Bank & Trust Co. v. Lumbermens Mut. Cas. Co., 411 F.2d 88, 97–98 (3d Cir. 1969) ; *see also* Rule 21(4), Supreme Court Rules.

6.  *See* Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

7.  United States v. Ewell, 383 U.S. 116, 122–123, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966) ; United States v. Parrott, 315 F.Supp. 1012, 1014–15 (S.D.N.Y.1969), aff'd, 425 F.2d 972 (2d Cir.), cert. denied, 400 U.S. 824, 91 S. Ct. 47, 27 L.Ed.2d 53 (1970).