# UNITED STATES *v.* EWELL ET AL.

No. 29.   Argued November 18, 1965.—Decided February 23, 1966.

*Ralph S. Spritzer* argued the cause for the United States. On the brief were *Solicitor General Marshall, Assistant Attorney General Vinson, Beatrice Rosenberg* and *Sidney M. Glazer.*

*David B. Lockton,* by appointment of the Court, 382 U. S. 802, argued the cause and filed a brief for appellee Ewell.

MR. JUSTICE WHITE delivered the opinion of the Court.

Appellees Clarence Ewell and Ronald Dennis were indicted on December 14, 1962, for selling narcotics without the order form required by 26 U. S. C. § 4705 (a) (1964 ed.).[1] The indictments, each alleging a single sale, did not name the purchasers. After pleas of guilty on December 18 and December 19 they were sentenced to the minimum terms of imprisonment permitted by the statute, Dennis for five years and Ewell, as a second offender, for ten years.[2] On July 17, 1963, the Court of Appeals for the Seventh Circuit, in an unrelated case, held that a § 4705 (a) indictment that does not allege the name of the purchaser is defective and may be set aside under 28 U. S. C. § 2255 (1964 ed.). *Lauer* v. *United States,* 320 F. 2d 187.[3] Ewell's motion of November 6, 1963, to vacate his conviction, and Dennis' similar motion of January 28, 1964, were granted by the District Court on January 13 and April 13, 1964, respectively. Appellees were immediately rearrested on new complaints

---

[1] "It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate." 26 U. S. C. § 4705 (a).

[2] "Whoever commits an offense . . . described in section 4705 (a) . . . shall be imprisoned not less than 5 or more than 20 years and, in addition, may be fined not more than $20,000. For a second or subsequent offense, the offender shall be imprisoned not less than 10 or more than 40 years and, in addition, may be fined not more than $20,000." 26 U. S. C. § 7237 (b) (1964 ed.).

[3] That circuit has since overruled its *Lauer* decision. *Collins* v. *Markley,* 346 F. 2d 230 (*en banc*).

and reindicted, Ewell on March 26 and Dennis on June 15, 1964. These indictments, charging the same sales alleged in the original indictments but this time naming the purchasers, contained three counts: Count I charged violations of 26 U. S. C. § 4705 (a); Count II charged sales not in or from the original stamped packages in violation of 26 U. S. C. § 4704 (a) (1964 ed.); [4] Count III charged dealing in illegally imported narcotics in violation of 21 U. S. C. § 174 (1964 ed.).

On July 13 and July 30, 1964, respectively, the United States District Court for the Southern District of Indiana granted the motions of Ewell and Dennis to dismiss the indictments against them on the ground that they had been denied their Sixth Amendment rights to a speedy trial, while rejecting their other contention that they were also being placed in double jeopardy. In its petition for rehearing on the dismissal of the indictment against Ewell, the Government advised the court that upon a plea or finding of guilty, all counts except that under 26 U. S. C. § 4704 (a) would be dismissed against him, leaving a conviction upon which the minimum sentence would be only five years for a second offender,[5] in contrast to the minimum 10-year sentence which Ewell had previously received under § 4705 (a). The court denied the request for rehearing and the Government then appealed directly to this Court from the dismissal of the indictments against Ewell and Dennis. 18 U. S. C. § 3731 (1964 ed.). The Government has limited its appeal to that portion of the order of the District Court in each

---

[4] "It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found." 26 U. S. C. § 4704 (a).

[5] 26 U. S. C. § 7237 (a) (1964 ed.).

case that dismissed the second count of each indictment, charging a violation of 26 U. S. C. § 4704 (a). We noted probable jurisdiction. 381 U. S. 909. We reverse.

We cannot agree that the passage of 19 months between the original arrests and the hearings on the later indictments itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy trial.[6] This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." *Beavers* v. *Haubert,* 198 U. S. 77, 87. "Whether delay in completing a prosecution . . . amounts to an unconstitutional deprivation of rights depends upon the circumstances. . . . The delay must not be purposeful or oppressive," *Pollard* v. *United States,* 352 U. S. 354, 361. "[T]he essential ingredient is orderly expedition and not mere speed." *Smith* v. *United States,* 360 U. S. 1, 10.

In this case, appellees were promptly indicted and convicted after their arrests in 1962 and were immediately rearrested and reindicted in due course after their § 2255

---

[6] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U. S. Const., Amendment VI.

motions were granted in 1964. Moreover, it was the decision in *Lauer* v. *United States, supra,* and the subsequent vacation of appellees' prior convictions that precipitated the later indictments. In these circumstances, the substantial interval between the original and subsequent indictments does not in itself violate the speedy trial provision of the Constitution.

It has long been the rule that when a defendant obtains a reversal of a prior, unsatisfied conviction, he may be retried in the normal course of events. *United States* v. *Ball,* 163 U. S. 662, 671–672; *United States* v. *Tateo,* 377 U. S. 463, 465, 473–474. The rule of these cases, which dealt with the Double Jeopardy Clause, has been thought wise because it protects the societal interest in trying people accused of crime, rather than granting them immunization because of legal error at a previous trial, and because it enhances the probability that appellate courts will be vigilant to strike down previous convictions that are tainted with reversible error. *United States* v. *Tateo, supra,* at 466. These policies, so carefully preserved in this Court's interpretation of the Double Jeopardy Clause, would be seriously undercut by the interpretation given the Speedy Trial Clause by the court below. Indeed, such an interpretation would place a premium upon collateral rather than upon direct attack because of the greater possibility that immunization might attach.

Appellees themselves concede that *Ball* and *Tateo* are ample authority for retrial on charges under § 4705, despite their Sixth Amendment contentions.[7] But they

---

[7] In *Tateo* the defendant had spent almost seven years in prison under a conviction that ultimately was overturned upon a collateral attack; yet when this Court remanded for a new trial there was no suggestion that his right to a speedy trial was being denied him. See also *Bayless* v. *United States,* 147 F. 2d 169, where it was held

urge us to prohibit prosecution in their cases because the Government is proceeding under § 4704 rather than § 4705 and because the passage of time has allegedly impaired their ability to defend themselves on this new and different charge, thereby rendering the delay prejudicial and oppressive.

We note, first, however, that the new indictments charging violations of § 4704 were brought well within the applicable statute of limitations, which is usually considered the primary guarantee against bringing overly stale criminal charges. Surely appellees could claim no automatic violation of their rights to a speedy trial if there had been no charges or convictions in 1962 but only the § 4704 indictment in 1964. In comparison with that situation, the indictments and convictions of 1962 might well have enhanced appellees' ability to defend themselves, for they were at the very least put on early notice that the Government intended to prosecute them for the specific sales with which they were then and are now charged.

Second, the appellees' claim of possible prejudice in defending themselves is insubstantial, speculative and premature. They mention no specific evidence which has actually disappeared or has been lost, no witnesses who are known to have disappeared. Although the present charges allege sales not in or from the original stamped packages, under § 4704, rather than sales without the purchaser's written order form, under § 4705, the charges are based on the same sales as were involved in the previous indictments. In this respect, it should be recalled that the problem of delay is the Government's

---

that it does not violate the Speedy Trial Clause to retry a defendant who had been incarcerated for five years under a conviction that had been subsequently invalidated.

too, for it still carries the burden of proving the charges beyond a reasonable doubt.

Third, the new indictments occurred only after the vacation of the previous convictions; and the Government now seeks to sustain the § 4704 charges, which carry lesser minimum sentences than the charges under § 4705 (a), not to oppress, but to extend to the trial judge, if these appellees are again convicted, the clear opportunity to take due account of the time both Ewell and Dennis have already spent in prison. We find no oppressive or culpable governmental conduct inhering in these facts.

The District Court apparently considered retrial and reconviction to be oppressive because appellees had already spent substantial time in prison and because in its view the law would not permit time already served to be credited against the sentences which might be imposed upon reconviction. This, too, is a premature concern. The appellees have not yet been convicted on the second indictments; and if they were to be reconvicted on § 4705 or § 4704 counts it should not be assumed that the controlling statute would prevent a credit for time already served. However that may be, as matters now stand, the remaining charges the Government seeks to sustain are under § 4704, which carries a minimum sentence in the case of Ewell of five years, as compared with a minimum of 10 years under § 4705, and two years instead of five years in the case of Dennis. In these circumstances, there is every reason to expect the sentencing judge to take the invalid incarcerations into account in fashioning new sentences if appellees are again convicted.[8]

---

[8] We likewise reject appellees' argument that the dismissal of their indictments on § 4704 can be sustained on the basis that they were

Appellees also invoke the Double Jeopardy Clause to sustain the dismissal of the indictments, a ground which we think the trial court correctly rejected. The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." That clause, designed to prohibit double jeopardy as well as double punishment, is not properly invoked to bar a second prosecution unless the "same offence" is involved in both the first and the second trials. The identity of offenses is, therefore, a recurring issue in double jeopardy cases, but one which we need not face in this case. Here the Government is not attempting to prosecute a defendant for an allegedly different offense in the face of an acquittal or an unreversed conviction for another offense arising out of the same transaction. See *Abbate* v. *United States,* 359 U. S. 187, 196, separate opinion of MR. JUSTICE BRENNAN. Nor is there any question here of the Government's joining in one indictment more than one count allegedly charging the same crime. Compare *Blockburger* v. *United States,* 284 U. S. 299. Here, the Government seeks only to sustain one charge under § 4704. If the present indictments charge the same offense as the § 4705 offense for which appellees were previously convicted, they may clearly be retried on either § 4705 or § 4704 after their convictions have been vacated on their own motions. In these circumstances, where the appellees are subject to a second trial under

denied their Sixth Amendment rights "to be informed of the nature and cause of the accusation . . . ." Appellees did not present this ground for granting their motion in the trial court, and as we read his opinion the trial judge did not base his ruling on that ground. In any event, the claim is not that the second indictments did not carry adequate notice of the charges, which they obviously did, but that the notice came much too late, a contention which we have already disposed of.

*Ball* and *Tateo*, the fact that § 4704, rather than § 4705, is charged does not in any manner expand the number of trials that may be brought against them. If the two offenses are not, however, the same, then the Double Jeopardy Clause by its own terms does not prevent the current prosecution under § 4704.[9]

*Reversed and remanded.*

MR. JUSTICE BRENNAN, concurring in the result.

I am unable to join the Court's opinion, because it could be read as implying approval of a course of government conduct that I find most oppressive. Appellees were indicted initially under only one of the three statutes which this Court held in *Gore* v. *United States,* 357 U. S. 386, over my dissent, might constitutionally be applied to a single narcotics sale. Their successful at-

---

[9] This situation is to be distinguished from *Green* v. *United States,* 355 U. S. 184, where the defendant was indicted upon a charge of first-degree murder and was ultimately convicted of second-degree murder. Upon his successful appeal of that conviction the Government attempted to reprosecute him for first-degree murder. This Court held that the Double Jeopardy Clause prevented that prosecution on the alternative grounds either that the jury had returned an implied verdict of acquittal on the first-degree murder charge or that the jury was dismissed, without the defendant's consent and after he had been placed in jeopardy on the charge of first-degree murder, without returning any express verdict on that charge. Neither of these grounds is applicable here because the sole charge in the first indictment was on § 4705.

This situation should also be distinguished from that presented in *Ciucci* v. *Illinois,* 356 U. S. 571, and *Hoag* v. *New Jersey,* 356 U. S. 464. Those cases involved only the question whether the Fourteenth Amendment prevents a State from bringing successive prosecutions against a defendant where each prosecution alleges the same statutory offense and the same general transaction by the defendant but names different victims.

tacks upon their sentences brought on these new indictments for all three statutory offenses. I can think of no plausible reasons for this tactic except to increase the pressure on appellees to plead guilty by raising the threat of cumulative sentences, or to punish them for asserting their rights to challenge their original sentences. The Government offered to abandon this tactic and limit prosecution to 26 U. S. C. § 4704 (1964 ed.) only on rehearing, after the prosecution seemed imperiled.

Government tactics of this kind raise very serious questions for me. Cf. *Green* v. *United States,* 355 U. S. 184; *Abbate* v. *United States,* 359 U. S. 187, 196–201 (separate opinion); Van Alstyne, In Gideon's Wake: Harsher Penalties and the "Successful" Criminal Appellant, 74 Yale L. J. 606 (1965). But I agree with the Court that, because the prosecution is now limited to § 4704, appellees have suffered no prejudice. I would not, however, as the Court seems to do, imply approval of the tactics the Government employed. Indeed, the Government informed us after argument that this problem is involved in another case, pending below, where an accused initially indicted for only one offense has been reindicted for three. It does not appear that the Government has limited the prosecution in that case to § 4704.

Mr. Justice Fortas, with whom Mr. Justice Douglas joins, dissenting.

I cannot agree that the District Court erred in dismissing the second indictment. Following vacation of the convictions under the original indictment, the Government was at liberty to reindict and retry appellees for the same offense.[1] I agree with the opinion of the Court

---

[1] *United States* v. *Tateo,* 377 U. S. 463; *United States* v. *Ball,* 163 U. S. 662; Note, Double Jeopardy: The Reprosecution Problem, 77 Harv. L. Rev. 1272, 1283–1285 (1964).

that, in the circumstances, this would not have deprived appellees of their Sixth Amendment right to a speedy trial.

But the Government did not merely reindict appellees for the identical offense. They were charged, on the basis of the same alleged sale of 400 milligrams of heroin, with violations of two additional narcotics statutes. Under the original one-count indictment charging a violation of 26 U. S. C. § 4705 (a) (1964 ed.), Dennis faced a sentence of from five to 20 years; Ewell, a second offender, 10 to 40 years. Under the new three-count indictment, the District Court may cumulate the sentences on the three counts and impose terms of from 12 to 50 years upon Dennis and from 25 to 100 years upon Ewell. Cumulative sentences are permitted by this Court's holding in *Gore* v. *United States,* 357 U. S. 386. But cf. Comment, Twice in Jeopardy, 75 Yale L. J. 262, 299–317 (1965). In my opinion, however, the Government may not, following vacation of a conviction, reindict a defendant for additional offenses arising out of the same transaction but not charged in the original indictment.

In a different setting this Court has vividly criticized the Government's attempt to penalize a successful appellant by retrying him on an aggravated basis. *Green* v. *United States,* 355 U. S. 184. Although the decision in *Green* was premised upon the Double Jeopardy Clause,[2] its teaching has another dimension. *Green* also demonstrates this Court's concern to protect the right of appeal

---

[2] In *Green,* the Court held that the Double Jeopardy Clause required reversal of a federal conviction for first-degree murder where, in a former trial on that charge, the defendant was convicted of the lesser offense of murder in the second degree. Cf. Mr. Justice Brennan's separate opinion in *Abbate* v. *United States,* 359 U. S. 187, 196–201, discussing the applicability of double jeopardy principles to successive prosecutions based on the same transaction but for allegedly different offenses.

in criminal cases.[3]  It teaches that the Government, in
its role as prosecutor, may not attach to the exercise of
the right to appeal the penalty that if the appellant suc-
ceeds, he may be retried on another and more serious
charge.  MR. JUSTICE BLACK, speaking for the Court in
Green, said: "The law should not, and in our judgment
does not, place the defendant in such an incredible
dilemma."  355 U. S., at 193.[4]

In the present case it appears that the purpose as well
as the effect of the Government's action was to dis-
courage the exercise of the right, conferred by statute,
to seek review of criminal convictions.  According to the
District Court, the only reason advanced by the Govern-
ment for the multiplication of charges against appellees
was that the prosecutor wanted to discourage others con-
victed of narcotics offenses from attacking their convic-
tions.  As the District Judge put it, there was "the ex-
pressed concern of the prospective liberation of a number
of similarly convicted narcotic felons."[5]  242 F. Supp.

---

[3] Van Alstyne, In Gideon's Wake: Harsher Penalties and the
"Successful" Criminal Appellant, 74 Yale L. J. 606, 629 (1965);
Note, 77 Harv. L. Rev., at 1287.  See Fay v. Noia, 372 U. S. 391,
440; Draper v. Washington, 372 U. S. 487; Lane v. Brown, 372 U. S.
477; Douglas v. California, 372 U. S. 353; Smith v. Bennett, 365
U. S. 708; Burns v. Ohio, 360 U. S. 252; Griffin v. Illinois, 351 U. S.
12.

[4] Cf. State v. Wolf, 46 N. J. 301, 216 A. 2d 586 (1966); People v.
Henderson, 60 Cal. 2d 482, 497, 386 P. 2d 677, 687 (1963).

[5] On the authority of Lauer v. United States, 320 F. 2d 187 (C. A.
7th Cir.), appellees had obtained vacation of their convictions on
the ground that since the indictment did not name the alleged
purchaser of narcotics it failed properly to state an offense under
26 U. S. C. § 4705 (a).  The Government has furnished the Court
with information concerning five other individuals whose convic-
tions were set aside under Lauer and who were then subjected to
reprosecution under multiple-count indictments.  Subsequently,
Lauer was overruled by Collins v. Markley, 346 F. 2d 230 (C. A.
7th Cir.).

451, at 456. The prosecutor's concern is understandable, but the right to direct and collateral review is granted by law. The prosecutor may not consistently with the Due Process Clause boobytrap this right, either to punish or to frighten.

It is no answer to the foregoing that after—and only after—the District Court had dismissed the entire three-count indictment, the Government in support of its petition for rehearing advised the court that "upon a plea or finding of guilty" all counts except that under 26 U. S. C. § 4704 (a) (1964 ed.) would be dismissed. This belated offer, conditioned upon a conviction, did not absolve the Government. The Government continued to insist upon going to trial on an unsupportable indictment. Even in its Notice of Appeal to this Court, the Government asserted its right to try the appellees upon the entire "present indictment." Not until the Solicitor General filed the jurisdictional statement was it suggested that the Government would agree to action taken to dismiss two of the counts—and that suggestion was negatively phrased: the Government "would not question dismissal" of the counts alleging violation of § 4705 (a) and 21 U. S. C. § 174 (1964 ed.). I cannot agree that this back-handed concession warrants our reversing the District Court's dismissal of the three-count indictment. The indictment is the Government's responsibility. It must stand the test of lawfulness as the Government presents it. The Government cannot rest upon a faulty indictment, and defend it by indicating its willingness to acquiesce in surgery which it is apparently unready to initiate.

In my view, this reindictment, greatly exceeding the original indictment in its charges and threatened penalties, was not a lawful basis upon which to put appellees to their defense. Apart from considerations of the impermissible purpose as found by the District Court, this

technique has the necessary effect of unlawfully burdening and penalizing the exercise of the right to seek review of a criminal conviction under federal law. This, in my opinion, is forbidden by the Due Process Clause. I would affirm the decision of the District Court, without prejudice, if other factors permit, to reindictment within the limits of the original charge.