320

STATE OF MONTANA, Plaintiff and Respondent, v. CHARLES MIELKE, Defendant and Appellant.

No. 11215.
Submitted October 6, 1966. Decided November 16, 1966.
420 P.2d 155.

Raymond E. Dockery, Jr. (argued), Lewistown, for appellant.

Forrest H. Anderson, Atty. Gen., Helena, Donald Garrity, Asst. Atty Gen. (argued), Helena, Gordon R. Hickman, Co. Atty. (argued), Harlowton, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order denying a motion to withdraw a former plea. The order denying the motion stated that "all the motions and matters heard by the Court raised on said motion, treated as a petition in Habeas Corpus are herewith denied."

On January 7, 1966, the defendant, an inmate of the state prison, filed certain papers with the district court of Wheatland County. These papers, handwritten and prepared without the aid of legal counsel, included a motion to withdraw a former plea, a memorandum of law, and a motion to dismiss the information. The district judge appointed an attorney to represent the defendant. Although the defendant does object to the results that were obtained in the district court proceedings, he does not object to the procedures that were followed by the district court in hearing his motions.

The record before this court reveals the following facts:

On February 26, 1962, a complaint was filed against the defendant in a justice court of Wheatland County charging the defendant with forgery. On February 5, 1963, defendant was convicted of forgery in Dillon, a city in Beaverhead County, Montana, and was incarcerated in the state prison. A warrant for defendant's arrest was issued in Wheatland County on February 5, 1963, and filed as a detainer with the warden of the state prison at Deer Lodge, Montana.

The defendant testified at the hearing that he was notified that the detainer had been filed against him on February 5, 1963—the same day the detainer was actually filed.

Defendant wrote letters to the county attorney of Wheatland County in June of 1964 and 1965, and he received answers to each of these letters. In neither of these letters did the defendant ask the county attorney to have a trial. These letters in substance sought to persuade the county attorney to drop the charges in return for a promise of restitution.

In August 1965, defendant was paroled from the state prison and immediately taken by the sheriff of Wheatland County to Harlowton, Montana, to appear on the charge which had been filed against him on February 26, 1962.

At his arraignment in Wheatland County on August 18, 1965, defendant was carefully advised by the district court of his right to counsel. The district court advised the defendant that an attorney would be appointed at the state's expense if he desired one. The defendant refused an attorney and does not now contend that one was not offered to him.

Defendant plead guilty to the forgery charge and received a five year sentence in the state prison.

The basic issue presented by this appeal is whether the defendant's constitutional right to a speedy trial has been violated on the basis of the facts previously set forth.

To assist us in deciding this issue we look to the Supreme Court of the United States. In United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 776, 15 L.Ed.2d 627, 630, 631, Mr. Justice White set up the following guidelines concerning the right to a speedy trial.

"'* * * This guarantee [the Sixth Amendment's guarantee of a speedy trial] is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself * * *. 'Whether delay in completing a prosecution amounts to an unconstitutional deprivation of rights depends upon all the circumstances * * *' Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950. '[t]he essential

ingredient is orderly expedition and not mere speed.' Smith v. United States, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041."

Let us examine the reasons the Supreme Court of the United States has given for the right to a speedy trial and apply them to the facts of this case.

First, the right to a speedy trial prevents an undue and oppressive incarceration prior to trial. Defendant was serving a valid sentence on another criminal matter at all times prior to his trial for the Wheatland County forgery. Immediately after his parole, he was arraigned and given an opportunity to defend himself.

Second, the right to a speedy trial minimizes anxiety and concern accompanying public accusation. The record is void of any contention that the delay caused the defendant anxiety or concern from the public accusation against him. The defendant was a man in his sixties and had spent over half of his life in prisons. His letters to the county attorney demonstrate his concern that the charges be dropped, but this is not the type of anxiety and concern that Mr. Justice White was referring to in Ewell, supra.

Third, the right to a speedy trial prevents the impairment of the ability of an accused to defend himself. Defendant admits his guilt and makes no contention that the delay impaired his defense in any way. At the hearing, he testified as follows:

"Q. I take it, Mr. Mielke, there is no contention that you weren't guilty as charged in the information? A. No."

We find it difficult to imagine in what way the defendant was oppressed or prejudiced by delaying the trial until his parole from the state prison. Therefore, we hold that the defendant's right to a speedy trial was not violated.

Defendant's contention that he did not knowingly waive his right to counsel is without merit. The multitude of

cases concerning the right to counsel and intelligent waiver of counsel simply do not apply to the facts of this case.

The defendant's brief does not point out any decision of this court or of the Supreme Court of the United States that requires that an attorney be appointed for a defendant *against his wishes.* The defendant was found guilty of the crime and admitted his guilt. A forced appointment of counsel could not change this fact. The defendant's refusal to accept counsel did not prejudice his case in any manner.

We have carefully considered the defendant's specifications of error. We find them all to be without merit.

The order appealed from is affirmed.

MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and CASTLES, and the HONORABLE W. W. LESSLEY, District Judge, sitting in place of MR. JUSTICE DOYLE, concur.