431 F.2d 734
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lee KING, a/k/a Robert Scheer, Defendant-Appellant.
 No. 28991 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
 431 F.2d 409, Part I(No. 29278, August 14, 1970).
 
 United States Court of Appeals, Fifth Circuit.
 Sept. 3, 1970.
 David A. Maney, court-appointed, Tampa, Fla., Robert Lee King, Philadelphia, Pa., for appellant.
 John L. Briggs, U.S. Atty., Bernard H. Dempsey, Jr., Asst. U.S. Atty., Tampa, Fla., for appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case, defendant-appellant, Robert Lee King, seeks dismissal from federal custody on the ground that the Sixth Amendment right to a speedy trial was denied him. He was denied relief by the district court and we affirm that denial.
 
 
 2
 Appellant was indicted by a federal grand jury in the Middle District of Florida in October of 1968 for a Dyer Act violation. At the time of his indictment he was in the custody of the State of Pennsylvania awaiting trial on other charges scheduled to be held in January of 1969. Federal trial was set for February of 1969 but was then postponed until March to allow a hearing of discovery and defense motions filed by appellant one week before the scheduled trial.
 
 
 3
 On the date of the scheduled state trial, appellant refused to leave his cell and was required to be physically and forcibly transported to the courtroom. The disturbance and prospect of future disruption led the trial judge to postpone his trial until March. The federal trial was consequently rescheduled for July. Inability to locate witnesses required the state prosecutors again to postpone his trial until June and ultimately to drop all charges except one misdemeanor for which appellant served a three month sentence beginning in June of 1969.
 
 
 4
 Appellant's federal trial was postponed again on June 16, 1969. A motion for a speedy trial resulted in the setting of trial for the next criminal jury docket and his trial finally began on October 9, 1969. Thus, a period of eleven months elapsed between appellant's indictment and trial. It is this delay on which he bases his Sixth Amendment claim.
 
 
 5
 Appellant argues the importance to our judicial process of the Sixth Amendment right to a speedy trial and seeks a declaration that the delay in bringing him to trial was per se unreasonable. We recognize that in the proper case abuse of this right would justify dismissal.[1] However, in this case, appellant proffers no specific evidence of prejudice to his defense or to his personal rights, nor does he allege it generally. There are strong indications in the record that at least part of the delay was the result of the appellant's conduct. Moreover, from an examination of the record this court can discern no significant damage to appellant. In Smith v. United States,[2] a case involving a thirteen month delay, the court said:
 
 
 6
 We do not think such dismissal is required, at least for delay of the extent before us, unless defendant makes out a prima facie case of prejudice to his defense-- not necessarily showing conclusively that the defense was prejudiced, but at least making a showing of a reasonable likelihood of such prejudice, a showing not negatived by rebuttal of the prosecution.[3]
 
 
 7
 In the absence of such a showing, we must follow the suggestion of the Supreme Court that a claim of prejudice would be 'insubstantial, speculative, and premature.'[4]
 
 
 8
 Accordingly, the decision below is affirmed.
 
 
 
 [1]
 See Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970)
 
 
 [2]
 418 F.2d 1120 (D.C.Cir. 1969)
 
 
 [3]
 Id. at 1122
 
 
 [4]
 United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1965)