THE PEOPLE OF THE TERRITORY OF GUAM

v.

FRANK RODNEY REYES and GORDON STEVE CLAY,
Defendants

Criminal No. 5F-74

Superior Court of Guam

December 20, 1974

BENSON, *Judge*

### ORDER

The defendant Gordon Steve Clay moved on October 29, 1974, for an order dismissing the indictment by authority of Section 1382 of the Penal Code of Guam as amended by Section 48 of Public Law 12–85 which reads:

Section 1382. When action may be dismissed. The Court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

1. . . .

259

2. If a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the filing of the information.

The indictment was returned August 15, 1974. As of the date of the motion, the trial date had not been set.

The motion must be denied on the following grounds:

■ 1. The provisions of Section 1382(2) were waived by implication through consent in open court to the continuing of the arraignment (transcript of September 4, 1974, page 3, lines 22 through 25, page 4, lines 1 and 2, and page 7, lines 13 through 15; transcript of September 11, 1974, page 17, lines 17 through 21) and through silence when the Court inquired, "All understand though that speedy trial complication (sic) does not start until after the arraignment?" (transcript of September 4, 1974, page 3, lines 1 and 2). *People v. Tahtinen* (1958) 50 C.2d 131, 132, 323 P.2d 442.

■ 2. Good cause for the delay is shown because of the motion of the defendant of September 11, 1974, that the indictment be quashed. (Properly denominated a motion to dismiss.) This matter was heard on September 20, and the Court's order denying the motion was filed September 27. This motion had to be raised before trial (Rule 12(b)(2)), before the plea was entered (Rule 12(b)(3)), and the plea awaited the determination of the motion (Rule 12(b)(5)). See Witkin, California Criminal Procedure, Trial, Sec. 320 citing District Court of Appeal cases involving demurrer and prohibition.

In addition to the above motion, the defendant moved on September 4 for a Bill of Particulars, and on October 3 for disclosure of grand jury proceedings, both being prior to the filing of this motion to dismiss.

■ ■ 3. The territory has the procedural right to set forth time limits such as the one under consideration.

*Barker v. Wingo* (1972) 407 U.S. 514, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101. In determining whether a delay is for good cause, the constitutional standards can be properly examined. Four factors have been assessed: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant". *Barker v. Wingo*, supra, 92 S.Ct. 2192. By this standard, the defendant has not been deprived of his right to a speedy trial guaranteed by the Organic Act, nor would he be entitled to a dismissal for unnecessary delay under Rule 48(b).

4. The United States Supreme Court has recognized conflicting policies in expediting criminal trials stating that a requirement "of an unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself". *U.S. v. Ewell* (1966) 383 U.S. 116, 86 S.Ct. 773, 776, 15 L.Ed.2d, 627, 631. As the People's brief accurately points out, Clay was not really represented until the appointment of Mr. Cushnie on August 31. Orderly procedure required that counsel be appointed to protect the defendant's right to representation.

In this case, the record reveals that it is necessary and convenient to have one trial. Among the factors existing are that both defendants were brought before the Magistrate at the same time, both were in custody, and both were indicted jointly.

Not only was Clay's representation delayed but counsel for Reyes was permitted to withdraw on September 24, and his replacement was not appointed until October 18, 1974. Orderly procedure in this case called for trial setting after both had secured counsel and been arraigned. Where the continuation of the arraignment was caused by lack of representation of Reyes, the rights of his codefendant Clay "are generally not deemed to be prejudiced". *People v. Teale* (1965) 63 C.2d 178, 186, 45 C.R. 729, 404 P.2d 209,

at p. 214; *Manson v. Pitchess* (1970) 317 F.Supp. 816; *People v. Floyd* (1970) 1 C.3d 694, 83 C.R. 608, 464 P.2d 64, cert. den. 406 U.S. 972, 92 S.Ct. 2418, 32 L.Ed.2d 672.

■ The proceedings, both in number and in nature, show that between the return of the indictment and the filing of this motion no delay occurred which was caused by improper action of Court or People, rather what is reflected is an orderly pace by which the rights of the accused were protected.