OPINION
GARY P. SULLIVAN, Chief Justice.

Brief Factual Overview and Procedural History

Sometime prior to April 17, 1997, a referral was made to the Sexual Abuse Victim’s Treatment Center regarding the alleged sexual abuse J.D., a seven-year-old girl. Clinical Interviewer/Crisis Counsel- or, Nellie Youpee, interviewed J.D. on April 17, 1997, and a report was completed and the matter was referred to the Tribal Police for Criminal Investigation. On April 18, 1997, Terry Boyd, Criminal Investigator for the Fort Peck Tribes, interviewed J.D. and confirmed the substance of Ms. Youpee’s report: J.D. stated that the appellant had fondled her inside her clothing and stuck his penis in her mouth. J.D. stated that appellant had been doing these things to her ever since he was released from prison in April 1997 and came to live with her mother. She also indicated that he had first fondled her “two years ago” when she was five. J.D. stated that she had told her mother what the appellant was doing to her on two separate occasions, but her mother did not believe her.
The record is silent from April 18, 1997 until the summer of 1998, when a flurry of unrelated activity took place. On July 31, 1998, a Criminal Complaint, unrelated to J.D.’s allegations, was filed charging appellant with the offense of Escape. The record is unclear regarding the circumstances, except that the complaint did state that he was “an inmate on work release.” Tidal was calendared for August 4, 1998, on the Escape charge, however, appellant failed to appear. On that same day, Prosecutor Manydeeds tiled a complaint against appellant for Criminal Contempt and Associate Tribal Judge Barry Bighorn issued a warrant to apprehend.
On August 14, 1998, Prosecutor Many-deeds filed a Criminal Complaint charging appellant with Aggravated Sexual Assault of a Child, a violation of Title III CCOJ § 214a[2].
On December 8, 1998, the appellant was arraigned and pled not guilty to all of the charges against him and waived his right to a jury trial. Associate Tribal Judge Marvin Youpee accepted appellant’s written waiver. On the same day, Judge You-pee also calendared a pre-trial conference for January 20, 1999, and a bench trial for April 1, 1999. Appellant was released on a $5,000 surety bond. On December 9,1998, Emmett Buckles, Tribal Public Defender, filed an appearance on behalf of appellant and a Motion for Discovery.
The record is silent regarding the pretrial date of January 20, 1999. On March 30, 1999, Doris Reddog, Deputy Tribal Prosecutor, filed a “Motion for Continuance” based upon the fact that several Court personnel would not be available the week of March 29 through April 2, as they were attending training classes out of *328 state. Judge Youpee granted the motion and re-scheduled the trial for October 8, 1999.
On September 27, 1999, the Court served various subpoenas for the appearance of various witnesses on behalf of the Prosecution. At the beginning of the trial on October 8, 1999, Mr. Buckles made an oral motion to dismiss based upon claims: 1) Neither he nor the appellant were given notice of the trial; 2) the Tribal Court lacked jurisdiction of the appellant because the eomplaint failed to cite why the Tribes had personal jurisdiction; and 3) failure of the Tribal Court to bring the matter to trial sooner resulted in a violation of 25 USC § 1302(6) (speedy trial).
Judge Youpee denied the motion, stating that it was untimely. During opening statement, the prosecution requested that the charge of Escape be dismissed for failure to summon a key witness. After the opening statement by the defense, the prosecution then presented its witnesses. The defense presented no witnesses and at the conclusion of the trial, Judge Youpee found the appellant “not guilty” of the Criminal Contempt and guilty of the Aggravated Assault of a Child. Appellant was sentenced to one-year flat jail time and a $5,000 fine.
Appellant filed an appeal on October 11, 1999, followed by a Request for Stay of Sentence on November 22, 1999. This Court granted the appeal on December 7, 1999 and on the same day set a briefing schedule and denied the Request for Stay. Oral argument was heard on January 14, 2000.

Issues Presented

Appellant contends that the Tribal Court lacked jurisdiction over him in that the complaint failed to state facts as to why the Tribes had jurisdiction, as required by Title VI CCOJ § 101(b)(3). Further, appellant contends that he was denied a speedy trial, as guaranteed by 25 USC § 1302(6),

Standard of Review

“The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the Tribal Court. The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence”. Title I, CCOJ § 201. Whether our Tribal Court has jurisdiction of a defendant and whether that defendant is accorded a speedy trial are questions of law, thus we review both matters de novo.

Discussion

Defective complaint. Title VI § 101(b)(3) states, “... (b) Complaints shall contain: ... (3) A statement describing why the Court has personal jurisdiction of the defendant”. The complaint against appellant for Aggravated Sexual Assault of a Child contained the following language, “Said defendant did on or about the month of April, 1997, in the Fort Peck jurisdiction ... ”. Appellant insists that the correct language to comport with § 101(b)(3) must include the words “adult Indian”, and if it does not, the complaint is fatally defective. We must respectfully disagree.
First, we note that personal jurisdiction can be waived in the absence of a timely objection. Holen v. Stahl, FPCOA # 289 (2000). See also Fed Rules Civ Proc R 12(h)(1)[3]; Insurance Corp. of Ire *329 land, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). During oral argument in this Court, the defense admitted that he made a tactical decision not to “bring (this matter) up” until the trial date of October 8th:
“Justice Sullivan: . .. Did you at that time, (or) at any point in time, go to the Court and say ...” Here, I noticed that you got this complaint and it fails to satisfy the jurisdictional elements of our Code. And therefore, I want my client released or ... the matter dismissed? Emmett Buckles: “Your Honor, due to the seriousness of this crime, I waited until the Court date (October 8th) to bring it up. That’s the reason that I had ... had it been any other ... any other crime or something, I would have brought it up immediately.” (Tran script, Oral Argument, January 14, 2000 @line 20, page 5 through line 8, page 6.)
At the commencement of the trial on October 8th, Mr. Buckles made an oral motion to dismiss based, in part, on the “defective complaint” argument. Judge Youpee denied the motion as untimely. We agree and the matter could end right there. However, because our Court has witnessed an influx of criminal appeals with the same alleged defect, we render today’s holding that a criminal complaint is sufficient to meet the requirements of § 103(b)(3) if it contains two elements: 1) that the alleged criminal activity was committed within the exterior boundaries of the Fort Peck Indian Reservation, and 2) that the person committing such criminal activity is a member of the Fort Peck Tribes or is an Indian person. If one of these elements is missing from the complaint, the complaint is deemed defective on its face. However, in the absence of a timely objection, defendants will be estopped from raising the issue on appeal.
Speedy Trial. The Sixth Amendment to the United States Constitution guarantees every defendant the right to a speedy trial[4]. The U.S. Supreme Court in United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966), stated that a defendant’s right to a speedy trial provides three important safeguards: 1) to prevent undue and oppressive incarceration prior to trial, 2) to minimize anxiety and concern accompanying public accusation, and 3) to limit the possibilities that long delay will impair the ability of an accused to defend himself.
Subsequently, the United States Supreme Court has stated that, “In addition to the general concern that all accused persons be treated according to decent and fair procedures, there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused.” Barker v. Wingo, 407 U.S. 514, 519, 92 S.Ct. 2182, 2186, 33 L.Ed.2d 101 (1972). The Wingo court went on to state that courts were to use a “balancing test” wherein the prosecution and the defense conduct were to be evaluated, on an ad hoc basis, taking into account defendant’s assertion of the right, prejudice to defendant, the length of delay, and the reasons for the delay, (at 530, 92 S.Ct. at 2192). In an earlier decision, the *330 Court established that the right to a speedy trial was a “fundamental right” guaranteed, as to the States, by the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). In 1968 Congress enacted 25 USC 1302[5], commonly referred to as the Indian Civil Rights Act, which guaranteed Indians, as to Tribal governments, “the right to a speedy and public trial”.
In applying the Win-go test herein, we note that the length of delay, from arraignment to trial, was ten (10) months; the reason for the delay was the unavailability of court staff, many of whom were attending training sessions out-of-state; the defendant intentionally, through his legal counselor, failed to file a pre-trial motion to dismiss for “tactical” reasons; and defendant was released on $5000 bond and he does not contend, nor show, that he was prejudiced in any way. Weighing all of these factors, we cannot agree that defendant was denied his fundamental right to a speedy trial [6].
The judgment of conviction for Aggravated Sexual Assault of a Child is affirmed and all Tribal Court orders heretofore stayed or not acted upon because of, or pursuant to, the pendency of this appeal, are herewith restored and shall be given full force and effect without further delay.
CONCUR: GARY M. BEAUDRY, Associate Justice, GERARD M. SCHUSTER, Associate Justice.

. Now Title VII CCOJ 2000 § 227.

. Fed Rules Civ Pro R 12(h)(1) stales: (h) Waiver or Preservation of Certain Defenses.
*329 (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. U.S. Const., Amendment VI

. 25 USC 1302(6) states: “No Indian tribe in exercising powers of self-government shall— ... (6) deny to any person in a criminal proceeding the right to a speedy and public trial.”

. We note that nearly sixteen (16) months elapsed trom the report issued by the Tribal Criminal Investigator’s office and the filing of the complaint charging the appellant with a violation of § 214a. The record is silent regarding the reasons for this delay. We do not know whether appellant was not in the jurisdiction, not otherwise available for process or whether further investigation was necessitated after the C.I. report, or simply whether the prosecutor’s office was too backlogged to pursue the matter. Nonetheless, we are concerned that such delays frequently spawn either deprivation of private rights or public justice. In the instant case that issue was not raised in the Tribal Court, nor did appellant show that he was injured thereby. We trust however, that for whatever reasons such delays are occasioned, our Tribal Prosecutor’s office will diligently seek to prevent them.