Vincent PACELLI, Jr., Petitioner,

v.

UNITED STATES of America, Respondent.

No. 77 Civ. 5451(MP).

United States District Court, S. D. New York.

April 6, 1978.

Steven B. Duke, New Haven, Conn., for petitioner.

Robert B. Fiske, Jr., U. S. Atty., for the Southern District of New York by James P. Lavin and Audrey Strauss, Asst. U. S. Attys., New York City.

## OPINION

POLLACK, District Judge.

This is a motion under 28 U.S.C. § 2255 to vacate a sentence on a conviction for substantive narcotic offenses on the ground that a conspiracy count barred by the Double Jeopardy Clause was improperly and prejudicially joined in the Indictment and tried with the substantive offenses on which petitioner was convicted.

For the reasons shown below, the petition must be denied.

Vincent Pacelli, Jr. had been convicted in the past six years by juries in the Southern District of New York, twice for separate narcotics offenses which occurred in 1971 and the third time for violation of the civil rights of Patsy Parks—a potential witness in the narcotics cases—by killing her.[1]

The sentences which he received are consecutive terms of imprisonment of 20 years, 15 years and life imprisonment. On this application, Pacelli seeks to have vacated the 15 year term imposed in 1974 in the second of the cases mentioned.

1. In addition to the three cases referred to in the text, Pacelli stood trial in the Southern

*Pacelli's convictions*

1. In February 1972 Pacelli was sentenced on his conviction in federal court, Southern District of New York, of participating in a conspiracy to violate the narcotics laws and of two substantive narcotic violations. He was sentenced to a total of 20 years imprisonment and fined. The duration of the conspiracy charged was from January 1 to June 14, 1971. The overt acts were alleged to have taken place in May 1971. The conviction was affirmed; *United States v. Pacelli*, 470 F.2d 67 (2d Cir. 1972), *cert. denied*, 410 U.S. 983, 93 S.Ct. 1501, 36 L.Ed.2d 178 (1973). Pacelli is currently serving this sentence.

2. In March 1974 Pacelli was sentenced on his conviction in the Southern District of New York on one count of participating in another narcotics conspiracy and of two new substantive narcotics counts. He was sentenced on each of the three counts to 15 years, the sentences to run concurrently with each other but consecutive to the 1972 sentences. The conspiracy was alleged to have commenced January 1, 1971 and to have operated to September 23, 1973. Three overt acts involving Pacelli were alleged, viz., in September, November and December 1971. On appeal, Pacelli contended that he had been convicted twice of the same offense, in that his conviction on the conspiracy count in 1974 and his conviction of conspiracy in 1972 were in fact on one and the same conspiracy. The Court of Appeals held that the conspiracies overlapped and that the government had not rebutted the presumption of sameness of the conspiracies charged in the two prosecutions and reversed the 1974 conviction on the conspiracy count.

On the same appeal, Pacelli also challenged his conviction on the two substantive counts, Count Two, of distributing heroin in September 1971, and Count Six, of possessing heroin in November 1971. He claimed that his conviction on these counts violated his rights of due process and freedom from double jeopardy. However, the Court of

District of New York in cases which did not go to final judgments.

Appeals found these claims to be wanting in merit and affirmed the convictions on the substantive counts. *United States v. Mallah*, 503 F.2d 971, 981–90 (2d Cir. 1974), cert. denied, 420 U.S. 995, 95 S.Ct. 1425, 43 L.Ed.2d 671 (1975).

3. On February 28, 1975 Pacelli was sentenced on his conviction in the Southern District of New York of conspiring to deprive Patsy Parks of her Civil Rights by killing her. He was sentenced to Life Imprisonment, to run consecutive to the sentences on the 1972 and 1974 convictions. On appeal, the conviction was affirmed, *United States v. Pacelli*, 521 F.2d 135 (2d Cir.), cert. denied, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976).

### The appellate review herein

At the threshold it is to be noted that Pacelli exonerates his failure to argue on his direct appeal that Counts Two and Six were infected by the joint trial therewith of the ' barred conspiracy count by the comments, "There is only so much one can put in a brief" and that the Court of Appeals' decision sustaining the double jeopardy contention was not foreseeable. In response to the government's contention that he had available to him the "orderly appellate procedure" of a petition for a rehearing and deliberately by-passed that avenue for presenting the issue, he asserts that he was not obligated to ask for a rehearing; that, he says, does not substitute for § 2255. In short, Pacelli contends that the Court of Appeals failed, in reversing the conspiracy conviction, to consider that appropriate relief required reversal on all three counts, that this is the first time he has raised the issue and that his point is of constitutional dimension.

The government asserts (1) that no constitutional question is presented by Pacelli, and (2) that Pacelli seeks by a § 2255 proceeding to obtain a second piecemeal review on an alternative theory, having already availed himself of appellate review of a double jeopardy contention on one theory, and having failed to petition for rehearing to suggest the new theory after learning of his success on the former jeopardy contention.

### Reversal of conspiracy charged—the effect thereof

■ It is well settled that reversal of a conspiracy charge does not require striking down the defendant's conviction on substantive counts on which he was also tried. A valid conviction on a substantive count is not invalidated by a reversal of the conspiracy count. *United States v. DeNoia*, 451 F.2d 979 (2d Cir. 1971).

### Double Jeopardy inapplicable to different offenses

■ It is clear that former jeopardy does not bar indictment, trial or conviction for different offenses. *United States v. Ewell*, 383 U.S. 116, 124–25, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). The substantive offenses in Counts Two and Six plainly did not involve the same specific acts or elements as the offense of conspiracy. Offenses are not the same for purposes of double jeopardy because they arise out of the same general course of criminal conduct. *United States v. Pacelli*, 470 F.2d 67, 72 (2d Cir. 1972), cert. denied, 410 U.S. 983, 93 S.Ct. 1501, 36 L.Ed.2d 178 (1973).

Relying on *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970) and *United States ex rel. Hetenyi v. Wilkins*, 348 F.2d 844 (2d Cir. 1965), Pacelli urges that the convictions on Counts Two and Six must be vacated as a "remedy" for subjecting Pacelli to trial on the barred conspiracy count. Those cases have no application to the facts of this case. Both concern the question of the propriety of retrials for first degree murder after guilty verdicts on the lesser included offenses of second degree murder and voluntary manslaughter, in effect implying acquittal on the original first degree murder charges. Those cases, unlike this case, set aside convictions on charges arising out of the same conduct or transaction.

*No constitutional claim raised*

■ Pacelli's petition raises no constitutional claim. The mere joinder of a former jeopardy barred conspiracy charge with charges of non-barred substantive crimes does not taint a separate verdict on substantive counts where there is independent convicting evidence on each essential element of the substantive counts. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

Counts Two and Six charged entirely separate crimes from the conspiracy charged in Count One and were separately and conclusively established by independent evidence of every essential element thereof. The jury was clearly instructed to consider each count separately and it faithfully rendered separate verdicts of guilty on Counts Two and Six and not guilty on the remaining substantive charges submitted to the jury, viz., Counts Three, Five and Seven. This eloquently and adequately evidences separate and discriminating consideration of the five substantive counts on which its verdicts were rendered.

■ Since no constitutional claim is raised by the misjoinder challenge, there is no basis suggested for § 2255 relief. Moreover, had a constitutional claim been involved, in the circumstances herein, the place to have asserted it was on the direct appeal where another theory of double jeopardy was suggested by Pacelli, or, by supplement to that theory by petition for reargument in the appellate court after being apprised that his double jeopardy claim had been sustained as to the conspiracy count; not to do so is an impermissible by-pass. *Stone v. Powell*, 428 U.S. 465, 477 n.10, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Davis v. United States*, 417 U.S. 333, 345–46, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Sunal v. Large*, 332 U.S. 174, 178–79, 67

S.Ct. 1588, 91 L.Ed. 1982 (1974); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

■ Joinder of a barred conspiracy charge with nonbarred substantive charges does not invalidate the joinder; the barred claim will fall just as if it were not proved. *United States v. Granello*, 365 F.2d 990, 995 (2d Cir. 1966).

Pacelli was properly charged and joined with his various co-defendants and the several substantive counts in each of which Pacelli was named as a participant were properly joined under the requirements of Rules 8(a) and 8(b), Fed.R.Crim.P. The offenses were all similar in character and were based on acts or transactions connected together or constituting parts of a common scheme or plan. He was named in and tried on every one of the five substantive counts. The fact that his partners in those counts varied from one to the other did not affect their joinability.[2] *United States v. Bernstein*, 533 F.2d 775, 789 (2d Cir.), *cert. denied*, 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976); *United States v. Manfredi*, 275 F.2d 588 (2d Cir.), *cert. denied*, 363 U.S. 828, 80 S.Ct. 1598, 4 L.Ed.2d 1523 (1960); *United States v. Russo*, 480 F.2d 1228, 1237–39 (6th Cir. 1973), *cert. denied*, 414 U.S. 1157, 94 S.Ct. 915, 39 L.Ed.2d 109 (1974).

Even in the absence of a conspiracy count, if Pacelli had been tried separately from his co-defendants, substantially the same evidence would have been admissible. The government's evidence of Pacelli's guilt was direct, corroborated by witnesses and circumstances and persuasive and each essential element of Counts Two and Six was established independently of the existence of the conspiracy count, beyond reasonable doubt.

---

**2.** Count Two charged Pacelli, Catino and Fazzalari with distributing and possessing with the intent to distribute two kilograms of heroin in September 1971. Count Three charged Pacelli, DeFranco and Fazzalari with distributing and possessing with the intent to distribute two kilograms of cocaine in December 1971. Count Four charged Pacelli, Perez and Ramirez with

distributing and possessing with intent to distribute two kilograms of heroin in October 1971. Counts Five, Six and Seven charged Mallah and Pacelli with distributing and possessing with the intent to distribute one kilogram of cocaine in July 1971, two kilograms of heroin in November 1971 and one kilogram of cocaine in December 1971.

the admissibility of acts of a partner rests on basic principles of agency and not on the presence of a conspiracy count. Friendly, J. in *United States v. Granello*, 365 F.2d 990, at 995 (2d Cir. 1966).

*See also* Fed.R.Evid. 801(d)(2)(D).

■ Finally, the contention that the *Pinkerton* charge given by the Court must be considered to have had an impermissible and tainting "spill-over" effect is shortly answered by the fact that Pacelli was convicted on direct evidence of his own acts and participation in the substantive crimes as to every essential element thereof.

Having presided at the trial and heard and evaluated the evidence, it is clear beyond peradventure of doubt that the jeopardy barred count played no independent part nor did it affect the fairness of the trial and conviction on the substantive counts.

Analysis of the factual situation presented at the trial (see the government's Sur-Reply Memorandum hereon) convincingly demonstrates that Pacelli has failed to and cannot establish that the trial and his convictions on the substantive counts were affected by the presence of the jeopardy barred charge. Measured against the facts in the record, the semantic hypothesis designed on this § 2255 application to show an affect, reveal them to be specious.

The fairness of the trial on Counts Two and Six has not been impugned and the motion to vacate the convictions is, in all respects, denied.

SO ORDERED.