OPINION *Page 2 
{¶ 1} Defendant-Appellant, Kenneth Andrea Carter, appeals from the judgment of conviction and sentence entered after Appellant was found guilty of two counts of Trafficking in Drugs, felonies of the fifth degree, in violation of Ohio Revised Code Sections 2925.03(A). Appellant was given a nine-month prison sentence on each count ordered to be served consecutive to each other. A timely Notice of Appeal was filed on January 10, 2007. On April 23, 2007, counsel for Appellant filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924 indicating that the within appeal was wholly frivolous and setting forth the following proposed Assignments of Errors:
 I. {¶ 2} "THE DEFENDANT-APPELLANT'S CONVICTIONS SHOULD BE VACATED BECAUSE THE FACTS OF THE INSTANT CASE AFFIRMATIVELY DEMONSTRATE THAT HE WAS ENTITLED TO, AND ESTABLISHED, THE DEFENSE OF ENTRAPMENT.
 II. {¶ 3} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR TO THE DEFENDANT-APPELLANT BY FAILING TO DISMISS THE CHARGES AGAINST HIM DUE TO A VIOLATION OF THE DEFENDANT-APPELLANT'S RIGHT TO A SPEEDY TRIAL PURUSANT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION. *Page 3 
 III. {¶ 4} "THE DEFENDANT-APPELLANT'S CONVICTIONS SHOULD BE REVERSED AND A NEW TRIAL GRANTED BECAUSE HE WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 IV. {¶ 5} "THE JUDGMENT OF CONVICTION MUST BE REVERSED BECAUSE IT RESTS UPON INSUFFICIENT EVIDENCE IN VIOLATION OF THE CONSTITUTIONAL GUARANTEES OF DUE PROCESS OF LAW.
 V. {¶ 6} "THE JUDGMENT OF CONVICTION MUST BE REVERSED BECAUSE IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL."
 I. {¶ 7} Entrapment is an affirmative defense under R.C. 2901.05(C)(2).State v. Doran (1983), 5 Ohio St.3d 187, 5 OBR 404, 449 N.E.2d 1295. The burden of going forward with the evidence of an affirmative defense, and the burden of proof by a preponderance of the evidence, for an affirmative defense, is upon the accused. R.C. 2901.05(A). "The defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute." State v. Doran, paragraph one of the syllabus. *Page 4 
"Entrapment is a `confession and avoidance' defense in which the defendant admits committing the acts charged, but claims that the criminal design arose with the state's agent . . . The primary consideration in any determination of entrapment is the defendant's predisposition to commit the crime." State v. Johnson (1982),4 Ohio App.3d 308, 310, 4 OBR 559, 5651, 448 N.E.2d 520, 522. State v.Kenney 2000 WL 699673, *15 (Ohio App. 5 Dist.) (Ohio App. 5 Dist.,2000).
 {¶ 8} The evidence presented established the confidential informant knew Appellant was a person engaged in the business selling drugs. This was corroborated by her ability to set up two separate transactions with Appellant. Appellant was known to associate with others involved in drug activities. Entrapment is an affirmative defense which must be proven by Appellant. No evidence was presented indicating Appellant was not predisposed to committing this crime. The opposite evidence was presented given Appellant's reputation known to the confidential informant and the individuals and places with whom he associated.
 {¶ 9} This first Assignment of Error is overruled.
 II. {¶ 10} The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The Sixth Amendment right to a speedy trial applies to state prosecutions by virtue of the Due Process Clause of theFourteenth Amendment. Klopfer v. North Carolina (1967), 386 U.S. 213,222-223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1. Article I, Section 10 of the Ohio Constitution also guarantees an accused the right to a speedy trial. *Page 5 
 {¶ 11} "The Sixth Amendment right to a speedy trial is * * * not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." State v. Triplett (1997), 78 Ohio St.3d 566, 568
(citing United States v. MacDonald (1982), 456 U.S. 1, 8,102 S.Ct. 1497, 1502, 71 L.Ed.2d 696, 704).
 {¶ 12} The U.S. Supreme Court has recognized different tests for pre-indictment and post-indictment delays. For purposes of pre-indictment delay, the United States Supreme Court set forth a two-part test in U.S. v. Lovasco (1977), 431 U.S. 783, 97 S.Ct. 2044,52 L.Ed.2d 752. Under the Lovasco pre-indictment delay analysis, a defendant has the burden of establishing a delay that results inactual prejudice to the defendant and that the delay was unjustifiable in light of the State's reasons for the delay. However, for purposes of post-indictment delay, the United States Supreme Court set forth a four-part test in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101. Under Barker, a trial court is required to consider four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant.Id. at 467.
 {¶ 13} "The first [Barker] factor, the length of delay, is a `triggering mechanism,' determining the necessity of inquiry into the other factors. Doggett v. United States (1992), 505 U.S. 647, 652,112 S.Ct. 2686, 2691, 120 L.Ed.2d 520, *Page 6 
528, fn. 1; State v. Triplett (1997), 78 Ohio St.3d 556, 558. This factor involves a dual inquiry. Id. First, a threshold determination is made as to whether the delay was "presumptively prejudicial," triggering the Barker inquiry. Next, the length of the delay is again considered and balanced against the other factors. Id.
 {¶ 14} Errors not brought to the trial court's attention are waived unless such errors rise to the level of "plain error". "Plain error" is an obvious or defect in the trial court proceedings, affecting substantial rights, which, but for the error, the outcome of the trial would be clearly otherwise. State v. Weaver 2007 WL 1881549, *7 (Ohio App. 5 Dist.).
 {¶ 15} Any pre-indictment or post-indictment delay has been waived by Appellant's failure to raise this issue in the lower court; therefore, we will examine this issue under plain error. Under a plain error analysis of the issue, we also find no error in the delay in either charging Appellant or bringing Appellant to trial.
 {¶ 16} The Statute of Limitations is the primary safeguard against pre-indictment delay. Statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide "`the primary guarantee, against bringing overly stale criminal charges.'" United States v. Marion (1971), 404 U.S. 307, 322,92 S.Ct. 455, 464, 30 L.Ed.2d 468 (quoting United States v. Ewell (1966),383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627). However, the "statute of limitations does not fully define a defendant's rights with respect to events occurring prior to indictment." Marion, 404 U.S. at 324. The Due Process Clause has a limited role to play in protecting against oppressive pre-indictment delay. U.S. v. Lovasco (1977), *Page 7 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752. State v. Enyart2001 WL 427379, *2 (Ohio App. 5 Dist.) (Ohio App. 5 Dist., 2001)
 {¶ 17} Appellant was indicted approximately one year after the drug buys took place. The Statute of Limitations for a felony generally is six years. R.C. 2901.13. Clearly, the State indicted Appellant well within the time provided for by statute. The Sixth Amendment is not implicated here as the defendant's ability to defend himself has not been compromised by the passage of time and his own conduct contributed to the delay. In the instant case, the only witnesses were police officers and the confidential informant. Appellant had a chance to challenge their recollection of events on cross-examination. It is also significant that the drug buy was recorded. Because Appellant's case was not compromised by the passage of time and because the indictment was filed within the statute of limitations, this Court finds no error in the delay between the time of the commission of the crime and the time Appellant was indicted.
 {¶ 18} An examination of the trial court's docket reveals most of the delay after the indictment and initial arrest was due to Appellant's own conduct. Warrants were issued for failure to appear and upon motion of the probation department. It appears also Appellant was involved in cases in another county which prevented his appearance in this case. Counsel for Appellant did not raise this issue.
 {¶ 19} Further, Appellant changed attorneys several times during the pendency of this case. Each new attorney filed motions which delayed the case which are acts attributable to Appellant. At no time did Appellant file a speedy trial request. At one point, Appellant was acting pro se and filed a motion to be permitted *Page 8 
to enter a plea in absentia. Finally, there would be no prejudice to Appellant even if this delay were attributable to the State. Appellant presented no witnesses and no defense; therefore, memories and evidence on Appellant's behalf were not compromised.
 {¶ 20} The second Assignment of Error is overruled.
 III. {¶ 21} In the third Assignment of Error, it is suggested that Appellant was denied effective assistance of counsel due to trial counsel's: (1) failure to raise and prove the entrapment defense; and, (2) failure to request that the charges be dismissed for violation of Appellant's right to a speedy trial issue. Because we find Assignments of Error I and II lack merit, trial counsel could not have been ineffective for failing to pursue these issues. In Strickland v.Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test requiring an appellant to show both that counsel's representation falls below an objective standard of essential duty to his client, and also that the sub-standard performance actually prejudiced the appellant's ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted the Strickland test; see State v.Bradley (1989), 42 Ohio St.3d 136.
 {¶ 22} The foregoing Assignments of Error examined the Assignments of Error and found them to be without merit. Since they have no merit, trial counsel was not ineffective for failing to raise those issues.
 {¶ 23} The third Assignment of Error is overruled. *Page 9 
 IV. and V. {¶ 24} Sufficiency of the evidence is a question of law on whether the evidence is legally adequate to support a jury verdict as to all elements of a crime. State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541. When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. State v.Schenker, 2007 WL 2110922, *6 (Ohio App. 5 Dist.) (Ohio App. 5 Dist.,2007)
 {¶ 25} In considering an appeal concerning the manifest weight of the evidence, our standard is as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. See, also, State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717. Schenker at *6. *Page 10 
 {¶ 26} The confidential informant testified she arranged the purchase of crack from Appellant on two occasions. She detailed the purchases, and her testimony was corroborated by police officers who observed parts of the transaction. Police officers also heard the transactions on audio tape. Appellant gave the confidential informant drugs in exchange for money. The drugs were recovered by police at the conclusion of the buys.
 {¶ 27} There was sufficient evidence to establish each element of trafficking in cocaine.
 {¶ 28} The fourth and fifth Assignment of Errors are overruled.
 {¶ 29} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 30} The judgment of the Richland County Court of Common Pleas, General Division, is affirmed.
 Edwards, J., Gwin, P.J., and Farmer, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, General Division, is affirmed.
Attorney Adelina Hamilton's motion to withdraw as counsel for Appellant is hereby granted. *Page 1