Voto particular disidente emitido por el
Juez Presidente Señor Hernández Denton,
al cual se unen las Juezas Asociadas Señoras Fiol Matta y Rodríguez Rodríguez.
Por entender que una mayoría de este Tribunal ha des-aprovechado una oportunidad para considerar una contro-versia importante que tenemos por primera vez ante nos, disentimos. Este caso nos hubiera permitido resolver cuál es el alcance de la cláusula contra la detención preventiva en exceso de seis meses dispuesta en la Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, Const. E.L.A., L.P.R.A., Tomo 1.
I
La Sociedad para Asistencia Legal, en representación del Sr. Héctor Vázquez Alejandro, comparece ante nos y solicita que reconsideremos la negativa de una mayoría de este Tribunal a excarcelarlo inmediatamente. Los hechos que dan origen al recurso ante nuestra consideración son claros y sencillos.
El señor Vázquez Alejandro fue detenido y encarcelado el 24 de marzo de 2011, por supuestas violaciones al Art. 106 del Código Penal de 2004 (33 L.P.R.A. sec. 4734), así como infracciones a la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2101 et seq., y la Ley de Ar- *716 mas de Puerto Rico, Ley Núm. 404-2000, según enmen-dada, 25 L.P.R.A. sec. 455 et seq. La vista preliminar fue suspendida tres veces. Por ello, el 10 de mayo de 2011, el Tribunal de Primera Instancia archivó la causa por viola-ción a los términos de un rápido enjuiciamiento dispuestos en la Regla 64(n) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(n). Ese mismo día, el Ministerio Público so-metió nuevamente los cargos contra el acusado quien, por ser indigente, no pudo prestar la fianza impuesta y perma-neció encarcelado. Finalmente, se encontró causa probable para acusarle por asesinato atenuado e infracciones a la Ley de Sustancias Controladas de Puerto Rico y la Ley de Armas de Puerto Rico.
Así las cosas, el 26 de septiembre de 2011, la defensa presentó una petición de hábeas corpus. En esencia, la de-fensa plantea que la Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, supra, ed. 2008, pág. 344, dispone que “[l]a detención preventiva antes de juicio no excederá de seis meses”. Por ello, al no habérsele cele-brado juicio, el acusado ya había cumplido el máximo cons-titucional de tiempo en prisión y debía ser excarcelado. El Tribunal de Primera Instancia declaró “sin lugar” esa peti-ción, por entender que, aunque se trataba de los mismos hechos presuntamente delictivos, las nuevas denuncias pre-sentadas contra el señor Vázquez Alejandro constituyeron un nuevo procedimiento judicial que dio comienzo a un nuevo término de detención preventiva de seis meses yaun nuevo término de seis meses para iniciar el juicio. El Tribunal de Apelaciones confirmó al foro primario.
Inconforme, el señor Vázquez Alejandro acudió ante nos mediante petición de certiorari y hábeas corpus. Sin embargo, una mayoría de este Tribunal denegó ambas solicitudes. De esa manera, se favoreció el proceder de los foros inferiores. En aquella ocasión, hicimos constar nuestro desacuerdo y expresamos que le concederíamos un término de diez días al Ministerio Público para que se expresara *717 sobre el recurso presentado, en vista de que presenta una controversia nueva e importante de rango constitucional.
Todavía insatisfecho, el señor Vázquez Alejandro acude otra vez ante nos y solicita que reconsideremos esa denegatoria.
II
Recientemente, resolvimos que la presentación de nue-vas acusaciones que permite la Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, luego de una desestimación por violar los términos de rápido enjuiciamiento, consti-tuye un nuevo proceso criminal desde la determinación de causa probable para arresto. Véase Pueblo v. Camacho Delgado, 175 D.P.R. 1 (2008). No obstante, esa expresión se dio en el contexto de la protección constitucional del dere-cho a un juicio rápido. En aquella ocasión, no interpreta-mos la relación entre la Regla 67 de Procedimiento Criminal, supra, y la protección constitucional contra la detención preventiva en exceso de seis meses sin cele-brarse juicio. Ambas cláusulas constitucionales están reco-gidas en la Sec. 11 del Art. II de nuestra Carta de Dere-chos, supra. Sin embargo, son cláusulas independientes que aparecen separadas por otras cinco cláusulas.
III

Considerar la segunda detención del señor Vázquez Alejandro como un nuevo proceso judicial abriría las puertas al Ministerio Público para burlar la protección constitucio-nal contra las detenciones preventivas en exceso de seis me-ses sin celebrarse un juicio. Bastaría con dejar transcurrir los términos de rápido enjuiciamiento, esperar el archivo del caso y someterlo nuevamente, para poder encarcelar al ciudadano indefinidamente sin iniciar el juicio.

*718 Esa cláusula constitucional contra la detención preven-tiva en exceso de seis meses fue diseñada con el propósito de alentar una actuación diligente y rápida por parte del Ministerio Público. Tan es así que, durante la discusión de la Asamblea Constituyente, el delegado José R. Gelpí Bosch presentó una enmienda para reducir el término de la detención a tan solo dos meses. Para una extensa discu-sión sobre los propósitos de esta disposición constitucional, véase: 3 Diario de Sesiones de la Convención Constitu-yente 1593-1597 (1952). Como parte de ésa discusión, el delegado Gelpí Bosch explicó que era necesaria la reduc-ción del plazo de seis meses, independientemente de que se tratase de una disposición distinta a la de juicio rápido, porque si
... para radicarse una acusación por un delito cometido el actual Código de Enjuiciamiento Criminal, que ha sido interpre-tado por el Tribunal Supremo de Puerto Rico diferentes veces solamente concede 60 días, ¿por qué vamos a tener en prisión preventiva —que es lo que hacen los fiscales— tener en pri-sión preventiva a un acusado, no formular la acusación dentro de los 60 días? Y después viene la cuestión del tiempo para celebrarle el juicio que debe ser dentro de 120 días. Id., pág. 1594.
Por su parte, el delegado Arcilio Alvarado Alvarado, quien no favoreció la enmienda para reducir el plazo a dos meses, planteó que “[d] entro de los seis meses hay que ce-lebrar el juicio. Si no se celebra el juicio dentro de los seis meses, el hombre va para la calle”. Diario de Sesiones, supra, pág. 1595. De igual forma, habiéndose eliminado la enmienda, el delegado Jaime Benitez Rexach expresó que “[e] sto lo que quiere decir es que en los casos donde no ha mediado juicio, una persona no puede estar detenida en la cárcel por más de seis meses. Llega el día del último mes de los seis meses y entonces lo ponen en la calle y eso no impide que se celebre juicio; pero se le celebra juicio ahora estando como si estuviera bajo fianza, sin estarlo”. Id., pág. 1597.
*719 Ante esta importante discusión en nuestra Asamblea Constituyente, nos reafirmamos en la necesidad de inter-pretar el alcance de la disposición en controversia con el interés de salvaguardar sus propósitos.
Asimismo, hemos reiterado en el pasado que el recurso de hábeas corpus está revestido del más alto interés público. Más allá de un rol pasivo frente a controversias ordinarias que dependen de los elementos de juicio que las partes someten, cuando se trata de un hábeas corpus este Tribunal tiene que responder a un interés primordial del Estado, pues se trata de la libertad de un individuo. Reynolds v. Delgado, 90 D.P.R. 373 (1964). Por ello, frente a la presente controversia constitucional, no debemos tomar li-vianamente los planteamientos del acusado.
Todo esto cobra mayor importancia a la luz de importan-tes pronunciamientos del Tribunal Supremo de Estados Unidos. Ese Foro ha establecido que el derecho a un juicio rápido bajo la Constitución federal responde a la importan-cia de “prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself”. United States v. Ewell, 383 U.S. 116, 120 (1966). Esas mismas consideraciones de política pública, aunque expresadas en un contexto constitucional distinto, deben movernos a analizar responsablemente nuestra cláusula so-bre el periodo máximo de la detención preventiva en espera de la celebración de un juicio. Más aún, en las presentes circunstancias, en las que si este Tribunal concediera vali-dez a los planteamientos del peticionario, en nada se afec-taría la continuidad del segundo proceso criminal.
Finalmente, recalcamos la importancia de que todas las salas del Tribunal General de Justicia que atienden asun-tos criminales sean extremadamente ágiles, eficientes y diligentes con el manejo de sus calendarios en casos como el de autos, de manera tal que evitemos enfrentarnos a esta *720 situación. Esa rapidez que hoy recabamos, cobra trascen-dencia cuando atendemos casos de acusados indigentes. Esto, pues la disposición contra la detención preventiva en exceso de seis meses es la única esperanza de salir en li-bertad que poseen quienes no pueden prestar la fianza a la que tienen derecho —de rango constitucional— todos los imputados de delito en nuestro país. No olvidemos que la cláusula en controversia es la fianza de los pobres.
Por todo lo anterior, entendemos que es nuestro deber, como máximos intérpretes de nuestra Constitución, expre-sarnos sobre esta delicada controversia. Por ello, reconsideraríamos.