Opinion filed August 23,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00052-CR

                                                    __________

 

                          BENJAMIN
FRANK GOEBLER, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee

 



                                 On
Appeal from the County Court of Law

 

                                                           Brown
County, Texas

 

                                                    Trial
Court Cause No. 0800267

 



                                            M E M O R A N
D U M   O P I N I O N

 

            Benjamin
Frank Goebler entered a plea of “no contest” to the offense of driving while
intoxicated, second offense.  The trial court assessed his punishment at
confinement in the Brown County Jail for a term of one-year and a fine of
$500.  However, the trial court probated the imposition of confinement for a
period of two years by placing appellant on community supervision.  Appellant
challenges his conviction in a single issue.  He contends that the trial court
erred in denying his motion to dismiss on speedy trial grounds.  We affirm.

Background
Facts

            The
complaint and information alleged that appellant committed the charged offense
on or about March 6, 2008.  The case was filed on April 11, 2008.  The court
set the case for arraignment on November 24, 2008.[1] 
However, appellant did not appear on that date.  The trial court issued a
warrant for appellant’s arrest based on his failure to appear.  The trial court
subsequently withdrew the warrant when the court received notice that appellant
was in a rehabilitation facility in Houston.   An assistant district attorney
initially notified the trial court of appellant’s status and she requested that
the case be reset for ninety days.  The trial court subsequently received a letter
from an entity known as “DAPA,” a psychiatric and substance abuse program in
Houston.  The letter advised the trial court that appellant had been admitted
on November 18, 2008, into DAPA’s partial hospital program to treat his bipolar
disorder and alcohol dependence.[2]

            Nothing
further happened in the case until November 2010.  Brenda Sue Arp, the trial
court’s administrator, testified that she did not set the case earlier because
she was waiting for more information about appellant’s release from DAPA.  She
set the case for a status conference on November 3, 2010, when she received
notice that appellant had been released from DAPA.  The trial court
subsequently set the case for jury trial on January 31, 2011.  Appellant filed
his motion to dismiss on speedy trial grounds on January 14, 2011.  The trial
court heard the motion on January 27, 2011.  Appellant entered his no contest
plea on that date after the trial court denied the motion to dismiss.

Analysis

Appellant premised his motion to dismiss on speedy trial grounds under the Federal Constitution.  
The Sixth Amendment to the United States Constitution guarantees the accused’s
right to a speedy trial.  Zamorano v. State, 84 S.W.3d 643, 647 (Tex. Crim.
App. 2002); see U.S. Const.
amend. VI.  We use a bifurcated standard of review when reviewing the trial
court’s ruling on a speedy trial motion.  Cantu v. State, 253 S.W.3d
273, 282 (Tex. Crim. App. 2008).  We apply “an abuse of discretion standard for
factual components, and a de novo standard for the legal components.”  Id.
 The trial court’s ruling will be affirmed only if it is supported by the
record and is correct under the applicable law.  Shaw v. State, 117
S.W.3d 883, 889 (Tex. Crim. App. 2003). When, as in this case, the trial court
does not make written findings of fact and conclusions of law, findings
supported by evidence will be implied in favor of the trial court’s ruling, and
we must defer to such findings.  See State v. Munoz, 991 S.W.2d 818, 821
(Tex. Crim. App. 1999).

In
determining whether a defendant was denied his right to a speedy trial, we
consider four factors: (1) the length of the delay; (2) the reason for the delay;
(3) the defendant’s effort to obtain a speedy trial; and (4) the prejudice to
the defendant.  Barker v. Wingo, 407 U.S. 514, 530 (1972).  No single
factor is necessary or sufficient to establish a violation of the defendant’s
right to a speedy trial.  Barker, 407 U.S. at 533; Shaw, 117
S.W.3d at 889.  The length of the delay is a triggering mechanism for a speedy
trial analysis; absent a presumptively prejudicial delay, we need not consider
the other Barker factors.  Munoz, 991 S.W.2d at 820. 

            Dismissal
of the charging instrument with prejudice is mandated only upon a finding that
an accused’s Sixth Amendment speedy-trial right was actually violated.  Cantu,
253 S.W.3d at 281.  Because dismissal of the charges is a radical remedy, a
wooden application of the Barker factors would infringe upon the
societal interest in trying people accused of crime, rather than granting them
immunization because of legal error.  Id. (quoting United States v.
Ewell, 383 U.S. 116, 121 (1966)).  Therefore, we must apply the Barker
balancing test with common sense and sensitivity to ensure that charges are
dismissed only when the evidence shows that a defendant’s actual and asserted
interest in a speedy trial has been infringed.  Id.; see Barker,
407 U.S. at 534–35.   “The constitutional right is that of a speedy trial, not
dismissal of the charges.”  Cantu, 253 S.W.3d at 281.

Length
of the Delay

At
a minimum, there was a delay of over twenty months from the time that the
arraignment was reset in November 2008 until the case was set in September 2010
for a status conference on November 3, 2010.  We conclude that a delay of this
length triggers the presumption of prejudicial delay and requires an analysis
of the remaining Barker factors.  See id.  

Reasons
for the Delay

When
a court considers the reasons offered to justify a delay, different weights
must be assigned to different reasons.  Shaw, 117 S.W.3d at 889 (citing
Barker, 407 U.S. at 531).  Some reasons are valid and serve to justify the
delay, while other reasons are not valid and do not serve to justify the delay.
 Id.  A deliberate attempt to delay the trial in order to hamper the
defense should be weighted heavily against the State, while a more neutral
reason such as negligence or overcrowded courts should be weighted less heavily. 
Barker, 407 U.S. at 531. Other reasons, such as missing witnesses, may
justify appropriate delay.  Id.  Delay which is attributable in whole or
in part to the defendant may even constitute a waiver of a speedy trial claim.  Munoz,
991 S.W.2d at 822.

            The
court administrator testified that she essentially put the case on hold while
waiting to receive word of appellant’s release from the DAPA facility.  She
relied upon appellant and his mother to provide her with this information.[3] 
Afterwards, the case essentially “fell through the cracks” because no one
initiated efforts to determine appellant’s status with DAPA for several months. 
Thus, the record reflects that the reasons for the delay in this case are not
attributable to the State.  Instead, the delay began as a result of appellant’s
efforts to be excused from court appearances while in rehab.  Accordingly, the
“reason for the delay” factor does not weigh against the State.  See Barker,
407 U.S. at 531.

            Defendant’s
Efforts to Obtain a Speedy Trial

            A defendant
has no duty to bring himself to trial because the primary burden rests upon the
courts and the prosecution to insure that cases are brought to trial.  Barker,
407 U.S. at 527. However, a defendant is not without any responsibility to
assert his right.  Id. at 528.  The failure of a defendant to assert his
right to a speedy trial will make it difficult to prove that he was denied a
speedy trial.  Id. at 532.  The longer the delay, the more likely it is
that a defendant who wanted a speedy trial would take some action to obtain
one.  Id. at 531.  A defendant who seeks a dismissal instead of a speedy
trial weakens his case because it shows a desire for no trial rather than a
speedy trial.  Zamorano v. State, 84 S.W.3d at 651 n.40; State v.
Jones, 168 S.W.3d 339, 348 (Tex. App.—Dallas 2005, pet. ref’d).

            Appellant
and his mother testified that they had contacted Brown County officials after
he was released from the DAPA program to determine the status of the case.  However,
they did not provide many specifics about these conversations regarding the
dates of the calls or with whom they spoke.  Neither of them testified of
informing the trial court in writing of appellant’s change in status after
seeking to be excused from appearing in court.  Furthermore, appellant did not
file a motion for a speedy trial.  Instead, he filed a motion to dismiss on
speedy trial grounds approximately two weeks prior to trial.  Accordingly, we
conclude this factor weighs against appellant.




 

            Prejudice
to the Defendant

            Prejudice
to a defendant should be assessed in light of the interests the speedy trial
right was designed to protect, i.e., preventing oppressive pretrial
incarceration, minimizing anxiety and concern of the accused, and limiting the
possibility that the defense will be impaired. Barker, 407 U.S. at 532.  The
most serious of these interests is the possibility of impairment to the defense
because the inability of a defendant adequately to prepare his case skews the
fairness of the entire system.  Id.  The defendant has the initial
burden of showing some prejudice, although showing actual prejudice is not
required.  Munoz, 991 S.W.2d at 826.  When the defendant makes a prima
facie showing of prejudice, the burden shifts to the State to show the
defendant suffered no serious prejudice beyond that which ensued from the
ordinary and inevitable delay.  Id.

            Appellant
asserted that he was prejudiced by the delay because he was concerned about
what might happen with the charge.  He further testified that he was anxious about
the charge.  He based his concerns on a head injury that he had previously
suffered and on his limited financial resources.  He also testified that he did
not remember being arrested.  We conclude that any prejudice suffered by
appellant by the delay is equivocal at best.  While appellant’s testimony that
he could not remember being arrested indicates an impairment of his defense at
trial, he attributed the memory loss to a preexisting head injury that likely
would have impaired his memory had the trial occurred sooner.  With respect to
his concern about the charges, the evidence does not establish concern and
anxiety attributable to the delay apart from the concern that a person charged
with a serious offense would normally experience.  

Conclusion

Weighing in favor of finding a violation of appellant’s speedy trial right is the fact
of a lengthy delay.  However, the cause of the delay was not attributable to
the State.  Appellant’s lack of effort to obtain a speedy trial is a factor
that weighs against him, and any prejudice that appellant suffered from the
delay is not clear.  Applying a de novo standard of review to the legal
components of appellant’s claim, we conclude that the combined weight of the
four Barker factors shows that his right to a speedy trial was not violated.
 Appellant’s sole issue is overruled.




 

 

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 23, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]The trial court had initially set the case for
arraignment on July 28, 2008.  However, the court administrator was unable to
determine from the court’s records why the arraignment did not occur on that
date.

 





                [2]The
letter from DAPA also advised the court that appellant had previously been
admitted to the facility from July 2, 2008, to September 27, 2008, and from September
30, 2008, to October 21, 2008.





                [3]Appellant’s mother testified that he remained in the DAPA
facility for a full year.