AFFIRM; Opinion Filed February 11, 2013



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00368-CR

## ANGEL PEREZ, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F07-01332-Y**

# OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Lang

Angel Perez, Jr. pleaded guilty to theft in the aggregated value of $1,500 or more, but less than $20,000. In a single issue on appeal, Perez argues the trial court abused its discretion by denying Perez's motion to dismiss for failure to provide a speedy trial under the Sixth Amendment to the United States Constitution and article 1, section 10 of the Texas Constitution. We decide against Perez on his sole issue and affirm the trial court's judgment. Because all dispositive issues are clearly settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2007, Perez was charged by indictment with theft of property valued at $1500

or more, but less than $20,000. He was arrested on the indictment in September 2008. In October 2010, Perez filed motions to dismiss for failure to provide a speedy trial. After conducting a hearing on Perez's motion to dismiss, the trial court denied the motion. Pursuant to a plea bargain agreement, on December 20, 2010, Perez entered a plea of guilty to the charged offense. The trial court subsequently sentenced Perez to three years' deferred adjudication community supervision with a probated fine of $1,500.

In his argument on appeal, Perez contends his constitutional right to a speedy trial was violated. He states the period of the delay, between his indictment in November 2007 and his motion to dismiss in October 2010, was nearly three times the standard length of delay necessary to trigger a speedy trial analysis. Perez argues "the reason for the delay was caused by the State's own negligence—the indictment remained unreported out of the Grand Jury for three years." His brief states that he "made every effort he could to obtain information regarding a possible indictment and assert his right to a speedy trial." Perez contends "there is a distinct possibility that the defense will be impaired by dimming witness memories and the loss of exculpatory evidence."

## II. APPLICABLE LAW & STANDARD OF REVIEW

"The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial." *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008) (citing *Zamorano v. State*, 84 S.W.3d 643, 647 (Tex. Crim. App. 2002) (en banc)). "Supreme Court precedent requires state courts to analyze federal constitutional speedy-trial claims 'on an ad hoc basis' by weighing and then balancing the four *Barker v. Wingo* factors: 1) length of the delay, 2) reason for the delay, 3) assertion of the right, and 4) prejudice to the accused." *Id.* (citing *State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App.1999)); *see also Barker v. Wingo*, 407 U.S. 514, 530 (1971). The Texas constitution "also guarantees the accused in all criminal prosecutions the right to a speedy and public

trial." *Id.* at n.16 (citing TEX. CONST. art. I. § 10). "This right exists independently of the federal guarantee, but [the Court of Criminal Appeals] analyzes claims of a denial of the state speedy-trial right under the same four *Barker* factors." *Id.* at n.16 (citing *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992). "While the State has the burden of justifying the length of delay, the defendant has the burden of proving the assertion of the right and showing prejudice." *Id.* (citing *Barker*, 407 U.S. at 531) (other citation omitted).

"[C]ourts must analyze the speedy-trial claim by first weighing the strength of each of the *Barker* factors and then balancing their relative weights in light of 'the conduct of both the prosecution and the defendant.'" *Id.* at 281 (quoting *Zamorano*, 84 S.W.3d at 648). "No one factor is 'either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.'" *Id.* (quoting *Zamorano*, 84 S.W.3d at 648). "Instead, the four factors are related and must be considered together along with any other relevant circumstances." *Id.* "As no factor possesses 'talismanic qualities,' courts must engage 'in a difficult and sensitive balancing process' in each individual case." *Id.* (quoting *Zamorano*, 84 S.W.3d at 648.).

"Dismissal of the charging instrument with prejudice is mandated only upon a finding that an accused's Sixth Amendment speedy-trial right was actually violated." *Id.* (citing *Strunk v. United States*, 412 U.S.434, 440 (1973)). "Because dismissal of the charges is a radical remedy, a wooden application of the *Barker* factors would infringe upon 'the societal interest in trying people accused of crime, rather than granting them immunization because of legal error.'" *Id.* (quoting *United States v. Ewell*, 383 U.S. 116, 121 (1966)) (citing *Barker*, 407 U.S. at 522). "Thus, courts must apply the *Barker* balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed." *Id.* (citing *Barker*, 407 U.S. at 534-35 (rejecting defendant's claim of a speedy-trial

violation despite a five-year delay when the record strongly indicated that the defendant did not actually want a speedy trial)). "The constitutional right is that of a speedy trial, not dismissal of the charges." *Id.*

"'In reviewing the trial court's ruling on appellant's federal constitutional speedy trial claim, we apply a bifurcated standard of review: an abuse of discretion standard for the factual components, and a *de novo* standard for the legal components.'" *Id.* (quoting *Zamorano*, 84 S.W.3d at 648 (citations omitted). "Review of the individual *Barker* factors necessarily involves fact determinations and legal conclusions, but '[t]he balancing test as a whole . . . is a purely legal question.'" *Id.* (quoting *Zamorano*, 84 S.W.3d at 648 n.19). "Under the abuse of discretion standard, appellate courts defer not only to a trial judge's resolution of disputed facts, but also to his right to draw reasonable inferences from those facts." *Id.* (citing *Kelly v. State*, 163 S.W.3d 722, 726-27 (Tex. Crim. App. 2005)). "In assessing the evidence at a speedy-trial hearing, the trial judge may completely disregard a witness's testimony, based on credibility and demeanor evaluations, even if that testimony is uncontroverted." *Id.* (citing *Kelly*, 163 S.W.3d at 727). "The trial judge may disbelieve any evidence so long as there is a reasonable and articulable basis for doing so." *Id.* (citing *Kelly*, 163 S.W.3d at 728). "And all of the evidence must be viewed in the light most favorable to his ultimate ruling." *Id.* (citing *Zamorano*, 84 S.W.3d at 648).

## III. APPLICATION OF LAW TO FACTS

### A. The First Factor: Length of Delay

Perez contends the delay between the time he was indicted in November 2007 and the date he presented his motion to dismiss for violation of right to a speedy trial is presumptively unreasonable. He further claims "the simple nature of the case," theft from Autozone, "bolsters the unreasonableness of a three-year delay in bringing him to trial." For these reasons, Perez asserts that

the first factor weighs heavily in favor of his assertion that his right to a speedy trial was violated. The State responds that the delay is sufficient to trigger analysis of the remaining *Barker* factors, concluding the first factor favors Perez's speedy trial claim.

We agree with Perez and the State. Here, the delay between Perez's indictment in November 2007 and his guilty plea in December 2010, an interval of more than three years, is sufficient to trigger a speedy trial inquiry. *See Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003). The charged offense is a crime of theft of more than $1,500, but less than $20,000 from Autozone, rather than "a serious, complex conspiracy charge." *See Zamorano*, 84 S.W.3d at 649. "Furthermore, the delay here stretched far beyond the minimum needed to trigger the inquiry." *See Shaw*, 117 S.W.3d at 889. Consequently, this factor weighs heavily in favor of finding a violation of Perez's right to a speedy trial. *See id.* at 889 (citing *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003); *Zamorano*, 84 S.W.3d at 649).

## B. The Second Factor: Reason for Delay

Perez argues "the State admitted that the delay was caused by the State's own negligence" and that "the State's official negligence was especially egregious because of the lengthy time period that elapsed between the date of the indictment and the trial setting." Perez asserts that his efforts to determine the status of the case with several different prosecutors "exacerbates the State's negligence." He contends the second *Barker* factor weighs in favor of finding that his right to a speedy trial was violated.

The State supplies no explanation for the delay between Perez's indictment and his arrest. However, according to the State, the delay between Perez's arrest and time the trial court or prosecutor was notified the case was pending was caused by "human" error in its online record-keeping system that did not reflect the case was pending until approximately October 2010. The

State argues the second factor weighs in favor of Perez, but not heavily against the State, because there is no evidence that the State engaged in "purposeful dilatory tactics." We conclude the second factor weighs against the State, but not heavily, because there was no evidence that the State engaged in a deliberate attempt to prejudice this defense. *See Zamorano*, 84 S.W.3d at 650-51.

## C. The Third Factor: Assertion of Right

Perez contends that although filing a motion to dismiss without first filing a demand for a speedy trial weighs against a defendant, his case is "a prime example" of a case where outright dismissal is warranted. Perez argues that "it is unclear how Perez would formally file a speedy trial demand or where he would file it" when the case did not have a judicial case number and he was not served a copy of the indictment at the time of his arrest. However, Perez claims he asserted his right to a speedy trial as follows: "he called several different prosecutors repeatedly, he called the clerk repeatedly, and he checked the online Dallas County court system (Forvus) on a regular basis." According to Perez, his "attempts to alert the prosecutor and the clerk of the court, along with his attempts to find out information from the Forvus system served to assert his right to a speedy trial." Therefore, Perez argues the third *Barker* factor weighs in favor of finding that his right to a speedy trial was violated.

The State responds, pointing to the arraignment sheet in the record reflecting the felony case number and "Y" court assignment, that Perez had notice of the indictment in his case since his arraignment on September 23, 2008. The State argues that "other than occasionally checking FORVUS, Appellant did nothing to determine the status of the case" in the two years after his arrest in 2008 until filing his motion to dismiss in 2010. The State contends Perez's two-year delay in demanding a speedy trial indicates Perez wanted a dismissal instead of a speedy trial and that the third *Barker* factor strongly favors the State.

"The defendant has no duty to bring himself to trial; that is the State's duty." *Cantu*, 253 S.W.3d at 282 (citing *Barker*, 407 U.S. at 527). "[A] defendant does have the responsibility to assert his right to a speedy trial." *Id.* (citing *Barker*, 407 U.S. at 527-28 ("We think the better rule is that the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right.")). "Filing for a dismissal instead of a speedy trial will generally weaken a speedy-trial claim because it shows a desire to have no trial instead of a speedy one." *Id.* at 283 (citing *Zamorano*, 84 S.W.3d at 651 n.40). "If a defendant fails to first seek a speedy trial before seeking dismissal of the charges, he should provide cogent reasons for this failure." *Id.* "Repeated requests for a speedy trial weigh heavily in favor of the defendant, while the failure to make such requests supports an inference that the defendant does not really want a trial, he wants only a dismissal." *Id.* (citing *Barker*, 407 U.S. at 534-36; *Harris v. State*, 827 S.W.2d 949, 957 (Tex. Crim. App. 1992) ("[A]ppellant's lack of a timely demand for a speedy trial indicates strongly that he did not really want a speedy trial.")).

Citing *Doggett v. United States* and *Orandu v. State*, Perez argues "it may be appropriate for the defendant to first move for dismissal without first demanding a speedy trial . . . where the defendant was unaware of the charge during the pendency of the delay." *Doggett v. United States*, 505 U.S. 647, 647 (1992); *Orand v. State*, 254 S.W.3d 560, 569 (Tex. App.–Fort Worth 2008, pet. ref'd). In each of those cases, as noted by Perez, the defendant was unaware of a charge against him and asserted his right to a speedy trial "in a timely fashion" after being made aware of the charge against him. *See Doggett*, 505 U.S. at 650, 653 (government conceded defendant had no information about charges against him until his arrest over eight years after his indictment, at which time he moved to dismiss); *Orand*, 254 S.W.3d at 568-69 (unaware of indictment until his arrest more than eleven years later, defendant timely filed post-judgment motion to dismiss). Perez testified at the

hearing on his motion to dismiss that he was indicted in 2007, not arrested until 2008, and not given a copy of the indictment until the hearing in December 2010. However, the record reflects that when Perez was arraigned in 2008, the magistrate informed him of the charges against him. Therefore, Perez was aware of the charges against him for two years, that being from his arrest in 2008 to the hearing in 2010, before he filed his motion to dismiss for failure to provide a speedy trial.

Perez contends that he "took several affirmative steps to assert his right to a speedy trial: he called several different prosecutors repeatedly, he called the clerk repeatedly, and he checked the online Dallas County court system on a regular basis." Perez's attorney testified at the hearing on Perez's motion to dismiss that "[his] office checked at least twice a month, if not more frequently, to check to see if the case had been reported out as indicted." However, there is no evidence that Perez or his attorney contacted the court "to get the case into court." *See Cantu*, 253 S.W.3d at 284. We conclude the "assertion of the right" factor weighs against Perez. *See id.* at 285.

## D. The Fourth Factor: Prejudice

Perez argues the State failed to overcome the presumption of prejudice to the defense of the delay. He contends his defense was impaired by dimming witness memories and the loss of exculpatory evidence. The State responds that Perez failed to meet his burden of showing that he has been prejudiced by any delay in bringing him to trial. In support of their argument, the State points to the record, which shows Perez was jailed on this cause for only two weeks and his testimony that he suffered stress. The State argues Perez's statements at the hearing were "nothing more than 'generalized expressions of anxiety and concern [that] amount to little more than a nominal showing of prejudice.'" The State contends the record contains "no testimony that any potential witnesses are unavailable, or that critical facts or evidence, were lost due to the delay." The State argues that because "the delay only impaired Appellant's defense minimally, if at all," the final *Barker* factor

–8–

weighs in favor of the State.

"Because 'pretrial delay is often both inevitable and wholly justifiable,' the fourth *Barker* factor examines whether and to what extent the delay has prejudiced the defendant." *Cantu*, 253 S.W.3d at 285 (quoting *Doggett*, 505 U.S. at 656) (citing *Barker*, 407 U.S. at 532). "When a court analyzes the prejudice to the defendant, it must do so in light of the defendant's interests that the speedy-trial right was designed to protect: (1) to prevent oppressive pretrial incarceration, (2) to minimize the accused's anxiety and concern, and (3) to limit the possibility that the accused's defense will be impaired." *Id.* (citing *Dragoo*, 96 S.W.3d at 316). "Of these types of prejudice, the last is the most serious 'because the inability of a defendant to prepare his case skews the fairness of the entire system.'" *Id.* (quoting *Dragoo*, 96 S.W.3d at 316).

At the hearing on his motion to dismiss, Perez admitted that although he had made an attempt to contact only one of four witnesses in his case, he was "pretty sure they're [all] available." Perez also stated at the hearing, although not in his brief, that he was in jail for two weeks and experienced stress from "wondering" if he was going to be arrested again. Reviewing the evidence in the light most favorable to the trial court's ruling, and presuming that the trial court resolved disputed fact issues in the State's favor, we conclude the trial judge did not abuse his discretion in finding Perez failed to show prejudice here. *See Cantu*, 253 S.W.3d at 282. We conclude the fourth *Barker* factor weighs more heavily against Perez.

## E. Balancing

Because Perez was unsuccessful in the trial court on his motion to dismiss/speedy-trial claim, we presume that the trial judge resolved any disputed fact issues in the State's favor, and we defer to the implied findings of fact that the record supports. *See Cantu*, 253 S.W.3d at 282 (citing *Zamorano*, 84 S.W.3d at 648). Weighing in favor of finding a violation of Perez's speedy trial right

are the facts that the delay was excessive and the State's reason for delay was computer record error. Weighing against finding a violation of Perez's right to a speedy trial are the facts that Perez waited two years after his arrest before asserting his speedy trial right, the record contains no evidence other than Perez's own testimony, which the trial court may not have believed, that Perez contacted the court "to get the case into court," and he failed to meet the standard for showing prejudice. Applying a de novo standard of review to Perez's claim, we decide the weight of the four *Barker* factors is against Perez's position that his right to a speedy trial was violated. *See Cantu*, 253 S.W.3d at 282.

## IV. CONCLUSION

We conclude the trial judge did not abuse his discretion in denying Perez's motion for dismissal and affirm the trial court's judgment.

_____
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110368F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANGEL PEREZ, JR., Appellant

No. 05-11-00368-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 7 of Dallas County, Texas. (Tr.Ct.No. F07-01332-Y).
Opinion delivered by Justice Lang, Justices Moseley and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 11, 2013.

DOUGLAS S. LANG
JUSTICE